FILED
SUPERIOR COURT
OF GUAM

2021 DEC 23 PM 2: 30

CLERK OF COURT

BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| ANGELINA LYNN FLORES, | DOMESTIC CASE NO.: DM0112-21 |
| Plaintiff, | |
| vs. | |
| PAUL BRANDON FLORES, | **DECISION AND ORDER** *Granting Plaintiff's Motion for Leave to Amend Complaint for Divorce* |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on October 12, 2021 for a motion hearing on the Plaintiff's Motion for Leave to Amend Complaint for Divorce. Plaintiff Angelina Lynn Flores ("Plaintiff") is represented by Attorney Gary Gumataotao. Defendant Paul Brandon Flores ("Defendant") is represented by Attorney Catherine Bejerana Camacho.

Having considered the arguments, pleadings and applicable law, the Court hereby **GRANTS** Plaintiff's Motion for Leave to Amend Complaint for Divorce.

## BACKGROUND

Plaintiff and Defendant (the "Parties") were married on June 24, 2016 and separated on January 1, 2020. Compl. (Mar. 16, 2021). Claiming irreconcilable differences, Plaintiff filed the Verified Complaint for Divorce on March 16, 2021. Defendant filed the Verified Answer and Counterclaim for Divorce on April 9, 2021, which Plaintiff answered on April 20, 2021.

On May 17, 2021, Plaintiff filed an *Ex Parte* Motion for a Temporary Restraining Order. Defense counsel filed the Reply and Opposition to Plaintiff's Motion for a Temporary Restraining Order on May 19, 2021. Plaintiff filed a Partial Response and Objection to TRO on May 19, 2021. After a hearing held on May 19, 2021, the Court issued an Order After Hearing

preventing the Parties from threatening, harassing or communicating with each other except as expressly provided in the order, setting temporary visitation arrangements for the parties' children, setting communication parameters, and providing for the use of certain community property and payment of community debt.

On June 8, 2021, Plaintiff filed the Motion for Pendente Lite Spousal Support and Attorney's Fees, to which Defendant opposed on July 6, 2021. Plaintiff filed a Reply to the Defendant's opposition on July 20, 2021. The Court issued a Decision and Order denying the Plaintiff's Motion for Pendente Lite Spousal Support and Attorney's Fees on October 20, 2021.

Plaintiff filed a Motion for Leave to Amend Complaint for Divorce on August 3, 2021, and Defendant filed his Opposition on August 31, 2021. A motion hearing was held on October 12, 2021, after which this matter was taken under advisement.

## DISCUSSION

Plaintiff brings this motion to amend the Complaint pursuant to Guam Rule of Civil Procedure ("GRCP") 15(a), which provides the following:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Guam R. Civ. P. 15(a). The Guam Supreme Court has indicated that leave to amend pleadings should be liberally granted. *Arashi & Co., Inc. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 16 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, a reviewing court should consider factors which may mitigate against leave to amend, such as undue delay, bad faith, dilatory motives, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice, or futility of the amendment. *Id.* In considering undue prejudice, a court should consider whether a defendant will be faced with additional discovery, cost, and

preparation to defend against new theories, and courts should also weigh prejudice to the nonmovant against prejudice that would result to the moving party should leave to amend be denied. *In Re Kim*, No. Civil Action No. 16-00001, 2016 WL 7385721, at *9 (D. Guam Dec. 16, 2016) (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001); *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)).

Here, Plaintiff's proposed First Amended Verified Complaint is substantially similar to the original Complaint filed with the Court. The main differences between the original Complaint and First Amended Complaint are that the First Amended Complaint puts forth that the divorce is based on adultery, and extreme mental and physical cruelty, rather than irreconcilable differences. Second, the First Amended Complaint calls for spousal support. Third, the Amended Complaint incorrectly states that child support should be set according to the guidelines and subject to Child Support Case No. CS0285-15, when the relevant case is Child Support Case No CS0026-21.

Plaintiff argues that the First Amended Complaint will not result in undue prejudice to the Defendant because it incorporates elements of pleadings that have already been filed and contains allegations of which Defendant is aware of. Defendant on the other hand argues that allowing the First Amended Complaint for Divorce will have minimal impact on the overall outcome of the divorce, but will dramatically increase attorney's fees for both parties. Defendant argues that this was a short marriage with barely any community property and debt, and that even if Plaintiff is able to prove adultery and extreme cruelty, the impact would likely be minimal. Defendant also argues that allowing the First Amended Complaint to be filed will cause the parties to start over, thereby wasting fees already expended. Furthermore, because all the facts that would support Plaintiff's allegations would have existed prior to the filing of the original Complaint, Defendant argues he should not have to suffer additional fees for the

Plaintiff's regret and miscalculations. Finally, Defendant notes that Plaintiff's ability to file a motion requesting for spousal support was not impacted by her failure to include such a request in her original Complaint.

When considering the points raised by both Parties, the Court finds no indication to suggest bad faith, undue delay, dilatory motives, or repeated failure to cure deficiencies on the part of the Plaintiff. The proposed amendments also would not be futile because of the effect such amendments could have on the disposition of community property under 18 G.C.A. § 8411(a) ("If the decree be rendered on the ground of adultery or extreme cruelty, the community property shall be assigned to respective parties in such proportions as the court, from all the facts in the case, and the condition of the parties, may deem just."). Furthermore, when weighing the prejudice that may result to the Plaintiff by failing to grant leave to amend, the Court does not find undue prejudice to be a factor weighing against granting the Motion for Leave to Amend simply because doing so would require additional filings on the part of both Parties. For these reasons, the Court **GRANTS** the Plaintiff's Motion for Leave to Amend Complaint for Divorce.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Leave to Amend Complaint for Divorce. The Court further **ORDERS** the Plaintiff to file the First Amended Verified Complaint for Divorce within thirty (30) days of this Decision and Order.

**IT IS SO ORDERED** ___DEC 2 3 2021___.

_____
**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

Page 4 of 4